IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMARJEET S., <br><br> Petitioner, <br><br> vs. <br><br> SCOTT FRAUENHEIM, <br><br> Respondent. | Civil No. 1:26-cv-04259-MWJS <br> ORDER GRANTING PETITION FOR <br> WRIT OF HABEAS CORPUS <br><br> A# 246-244-824 |

## ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS

Petitioner Amarjeet S.[1] is an immigration detainee proceeding with a petition for

writ of habeas corpus under 28 U.S.C. § 2241.  Dkt. No. 1.  On or about December 19,

2022, after Petitioner entered the country without inspection, he was encountered and

processed by U.S. Border Patrol officers, and he was paroled into the country.  *Id.* at

pgs. 4–5.

On August 2, 2023, the Department of Homeland Security (DHS) commenced

removal proceedings against Petitioner under 8 U.S.C. § 1229a by issuing a Notice to

Appear.  *Id.* at pg. 5.  Petitioner applied for asylum, withholding of removal, and

protection under the Convention Against Torture, and those applications remain

---

[1]     For reasons previously explained in *Sergio D.L.S. v. Warden, Cal. City Correctional Ctr.*, No. 1:26-cv-02821-MWJS, 2026 WL 1049713, at *1 n.1 (E.D. Cal. Apr. 17, 2026), only Petitioner's first name and the initials of his last name are used in this order.

pending. *Id.* Following a roadside "inspection" in Oklahoma, Petitioner was detained by U.S. Immigration and Customs Enforcement on March 25, 2026. Dkt. No. 5-1, at pg. 2.

Petitioner now invokes this court's habeas jurisdiction, contending, among other things, that his detention without a pre-deprivation hearing violated his due process rights. Dkt. No. 1, at pg. 6. This court and many other district judges have granted relief in cases analogous to this one. *See, e.g.*, *Raul C.E. v. Murray*, No. 1:26-cv-04052-MWJS, 2026 WL 1578958 (E.D. Cal. June 2, 2026); *Danilo J.Q.E. v. Mullin*, No. 1:26-CV-03370-MWJS, 2026 WL 1257548 (E.D. Cal. May 7, 2026). The court has again considered these precedents and concluded that they reached the correct result based on the current state of Supreme Court and circuit precedent. To resolve this case, therefore, the court need only determine whether there is any factual or legal basis to distinguish those prior decisions.

The court issued an order to show cause, calling on Respondent to identify "any factual or legal issues in this case that render it distinguishable from cases like those cited above." Dkt. No. 4. Other than maintaining his position that Petitioner's detention is lawful,[2] Dkt. No. 5, at pgs. 4–6, Respondent makes only one other

---

[2]     At various points, Respondent cites 8 U.S.C. § 1182(d)(5)(A). *See* Dkt. No. 5, at pgs. 4—5. That subparagraph authorizes DHS to grant parole for urgent humanitarian reasons or significant public benefit. The authority for Petitioner's parole, however, is unclear from the record. Even if it was 8 U.S.C. § 1182(d)(5)(A), that would not alter the court's analysis here. *See, e.g.*, *Elisbel S.V. v. Chestnut*, No. 1:26-CV-03100-MWJS, 2026

argument—that is, that 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g) deprive the court of jurisdiction to consider Petitioner's arguments regarding the legality of his current detention.  Dkt. No. 5, at pg. 1.  Notably, Respondent does not cite a single case supporting his position.  *Id.* at pgs. 3–4.  In fact, the argument has been rejected by many judges both in this district and others.  *See, e.g.*, *Rodriguez v. Kaiser*, No. 1:25-cv-01111-KES-SAB (HC), 2025 WL 2855193, at *2–4 (E.D. Cal. Oct. 8, 2025); *Ortiz-Bautista v. Noem*, No. 5:26-cv-01065-MWC-MAA, 2026 WL 790874, at *3–4 (C.D. Cal. Mar. 18, 2026); *Guadarrama Ayala v. Henkey*, No. 1-25-cv-00682-AKB, 2025 WL 3754138, at *2–3 (D. Idaho Dec. 29, 2025).  The court similarly concludes that 8 U.S.C. § 1252(b)(9) and 8 U.S.C. § 1252(g) do not deprive it of jurisdiction to consider Petitioner's argument that his re-detention violated his due process rights.

Given the lack of any factual or legal issues in this case that would distinguish it from the prior cases that this court has found persuasive, IT IS HEREBY ORDERED that the petition for writ of habeas corpus, Dkt. No. 1, is GRANTED as to Count Two. Because it is unnecessary to resolve the other counts in the petition, the court declines to do so.

Respondents are ORDERED to immediately release Petitioner Amarjeet S. (A# 246-244-824) from their custody.  Respondents shall not impose any additional

WL 1246405 (E.D. Cal. May 5, 2026) (granting habeas relief to petitioner who was detained after previously being granted humanitarian parole under 8 U.S.C. § 1182(d)(5)(A)).

restrictions on Petitioner, unless that is determined to be necessary at a future pre-deprivation/custody hearing.  Respondents are permanently ENJOINED AND RESTRAINED from re-arresting or re-detaining Petitioner absent compliance with constitutional protections, which include, at a minimum, pre-deprivation notice describing the change of circumstances necessitating Petitioner's arrest and detention, and a timely hearing.  At any such hearing, the government shall bear the burden of establishing, by clear and convincing evidence, that Petitioner poses a danger to the community or a risk of flight, and Petitioner shall be allowed to have their counsel present.  This order does not address the circumstances in which Respondents may detain Petitioner in the event Petitioner becomes subject to an executable final order of removal, or in the event exigent or urgent circumstances arise that justify arresting and detaining Petitioner before pre-deprivation process can be provided.

The Clerk of Court is DIRECTED to close this case and enter judgment for Petitioner.

IT IS SO ORDERED.

DATED:  June 5, 2026, at Honolulu, Hawaiʻi.



/s/ Micah W.J. Smith
_____
Micah W.J. Smith
United States District Judge

Civil No. 1:26-cv-04259-MWJS; *Singh v. Frauenheim*; ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS